ORIGINAL
cu BMK

WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA 2955-0
LORI K. AQUINO 3815-0
Alii Place, Suite 1602
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone No.: (808) 528-8880
Facsimile No.: (808) 528-8881
e-mail: aikeda@unioncounsel.net

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 15 2012
at 3 o'clock and 30 min. ___ M.
SUE BEITIA, CLERK

ORIGINAL

Attorneys for Plaintiffs TRUSTEES OF THE
HAWAII LABORERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII LABORERS' TRUST FUNDS (*Hawaii Laborers' Health and Welfare Trust Funds* by its Trustees Ron Prescott, Robert Tasaka, Anacleto Alcantra, Larry Lum, Mark Matsumoto, Peter Ganaban, Alfonso Oliver, Ismael Solis, and Joby North II; *Hawaii Laborers' Pension Trust Fund* by its Trustees Stanley Wada, Anacleto Alcantra, Randall Ching, Cedric Ota, Leonard Leong, Claude C. Matsumoto, Alan Shintani, Joby North II, Mark Matsumoto, Peter Ganaban, Pete Lindsy, Alfonso Oliver, and Ismael Solis; *Hawaii Laborers' Apprenticeship and Training Trust Fund* by its Trustees Anacleto Alcantra, Van Goto, Steve Yoshida, Scott Higa, Ryan Wada, Peter Ganaban, Alvis McCann, Cedric Ota, Mark Matsumoto, Leonard Leong, | CIVIL NO. CV12 00092 BMK<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBIT "1" & "2"; SUMMONS** |

|  |  |
|---|---|
| Pete Lindsey, Alfonso Oliver, and Joby North II; *Hawaii Laborers' Vacation & Holiday Trust Fund* by its Trustees Audry Hidano, Burt Watanabe, Clay Asato, Anacleto Alcantra, Peter Ganaban, Alfonso Oliver, Richard Nishie, and Mark Matsumoto; *Hawaii Laborers' Annuity Trust Fund* by its Trustees Ryan Wada, Anacleto Alcantra, Clay Asato, Audrey Hidano, Craig Nakanishi, Joby North II, Peter Ganaban, Mark Matsumoto and Alfonso Oliver; *Hawaii Laborers and Employers Cooperative and Education Trust Fund* by its Trustees Thomas Toma, Michael Nakashima, Kenneth Kobatake, Joby North II, Kathleen Thurston, Warren Leong, Mark Tamashiro, Mark Matsumoto, Alfonso Oliver, Peter Ganaban and Al Lardizabal), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ASIAN PACIFIC WATERFEATURES LIMITED LIABILITY COMPANY, aka ASIAN PACIFIC WATERFEATURES, LLC, a Hawaii company, JOSEPH R. BAILEY and CAROLYN A. BAILEY, individually, | ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

(125969)COMPLAINT-2.14.12

## COMPLAINT FOR SPECIFIC
## PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendants above-named allege and aver as follows:

### FIRST CAUSE OF ACTION
### (SPECIFIC PERFORMANCE)

1. Plaintiffs are the Trustees of the Hawaii Laborers' Trust Funds which consist of the Hawaii Laborers' Health & Welfare Trust Fund, Hawaii Laborers' Pension Trust Fund, Hawaii Laborers' Apprenticeship and Training Trust Fund, Hawaii Laborers' Vacation & Holiday Trust Fund, Hawaii Laborers' Annuity Trust Fund, and Hawaii Laborers and Employers' Cooperative and Education Trust Fund (hereafter "Trust Funds").

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3. At all times material herein, each of the above-named Trust Funds and Plan (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose

principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

    4.    Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant ASIAN PACIFIC WATERFEATURES LIMITED LIABILITY COMPANY, aka ASIAN PACIFIC WATERFEATURES, LLC (hereinafter "Defendant" or "Defendant ASIAN PACIFIC"), was, and is now, a Hawaii company, doing business in the State of Hawaii.

    5.    Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein Defendants JOSEPH R. BAILEY and CAROLYN A. BAILEY (hereinafter "Defendant JOSEPH" and "Defendant CAROLYN", respectively), were and now are residents of the State of Hawaii and were members of ASIAN PACIFIC and in charge of the day-to-day operations of ASIAN PACIFIC, including the decisions pertaining to the payment of contributions to Plaintiffs.

    6.    On or about July 8, 2008 and March 31, 2011, Defendant, by and through its members, Defendants JOSEPH and CAROLYN, respectively,

made, executed and delivered to the Laborers' International Union of North America, Local 368, AFL-CIO (hereinafter "Laborers' Union"), those certain written collective bargaining agreements, effective August 4, 2008 and March 1, 2011, entitled "Agreement Between ASIAN PACIFIC WATERFEATURES, LLC and Laborers' International Union of North America, Local 368 (hereinafter collectively "Agreement") covering Defendant's laborers in the State Of Hawaii. True copies of said Agreement are attached hereto as Exhibits "1" and "2" and are incorporated herein by reference. Said Agreement by its terms incorporated the various Trust Agreements establishing each of Plaintiffs' trusts. By said agreement(s), Defendant promised to contribute and pay to the Trust Funds and Plan (hereinafter collectively referred to as "Trust Funds" or "Plaintiffs") certain amounts for employee benefits, for work performed by Defendant's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after August 4, 2008.

      7.      By said agreement(s), the Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after August 4, 2008, to permit audits of its payroll records to allow Plaintiffs to ascertain whether

all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

8. By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of the contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

9. By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

10. By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions.

11. By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

12. Plaintiffs have notified Defendant and have demanded that said Defendant submit timely payments and reports, but said Defendant has failed, neglected and refused to do so.

13. Defendant now continues to fail, neglect and refuse to submit timely payments and reports, and unless ordered to specifically perform the agreement(s) to submit timely payments and reports, Defendant will continue to fail, neglect and refuse to submit timely payments and reports. Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant and said Defendant's continued refusal to submit timely payments and reports will give rise to a multiplicity of suits unless said Defendant is ordered to submit timely payments and reports pursuant to said agreement(s).

### SECOND CAUSE OF ACTION
### (ASSUMPSIT AND DAMAGES)

14. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1. through 13. of the First Cause Of Action hereinabove set forth.

15. By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

16. Defendant's current known delinquencies to the Plaintiffs are as follows:

1. Contributions ( 2/09 - 9/11 reports)…………….. $26,463.90

2. Liquidated damages ( 2/09 - 9/11 reports)……… $ 6,156.80

3. Minimum interest (12%) on 2/09 – 9/11 report contributions through 12/31/11 ($8.70 per diem thereafter) …………………….. $ 5,043.25

                                               GRAND TOTAL .. $37,663.95

plus attorney's fees and costs, for said report periods, plus additional interest accruing thereafter.

17. Defendant may owe Plaintiffs additional monetary payments for Defendant's covered employees, the amount of which is unknown at this time because Defendant has neglected and refused to submit timely reports (October 2011 through December 2011) to the aforesaid Trust Funds. If such moneys are

owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

19. 18. Defendant's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and Defendant may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

19. At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Plaintiffs by the non-payment of said contributions.

20. By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

21. By virtue of the foregoing, Plaintiffs have been damaged in the amount of $37,663.95 and such additional amounts as may be proven at trial of hearing on proof.

22. It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

### THIRD CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)

23. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1. through 22. of the First and Second Causes Of Action hereinabove set forth.

24. Defendants JOSEPH and CAROLYN, as members of Defendant ASIAN PACIFIC are in charge of day-to-day operations, made the knowingly and deliberate decisions on behalf of Defendant ASIAN PACIFIC not to pay the amounts owed to the Trust Funds, and continue to conduct business without paying the amounts owed to Plaintiffs and as such have breached their fiduciary duty under 29 U.S.C. §1109.

25. Accordingly, as a result of said breach of fiduciary duty, Defendants JOSEPH and CAROLYN are personally liable to Plaintiffs for the amounts herein described as owed to Plaintiffs by Defendant ASIAN PACIFIC.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendants ASIAN PACIFIC WATERFEATURES LIMITED LIABILITY COMPANY, aka ASIAN PACIFIC WATERFEATURES, LLC, a Hawaii company, JOSEPH R. BAILEY and CAROLYN A. BAILEY (collectively

"Defendants"), jointly and severally, as to the First, Second and Third Causes of Action hereinabove set forth, as follows:

1. That the Court order Defendant to submit timely reports and payments in accordance with said agreement(s).

2. That the Court order Defendant to permit Plaintiffs to audit its payroll books and records for the period of October 1, 2011 through the present in accordance with said agreement(s).

3. That the Court award to Plaintiffs and against Defendants such amounts as may be determined to be due and owing after the necessary reports (October 2011 to present) have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4. That the Court award to Plaintiffs and against Defendants interest at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s). 29 U.S.C. § 1132(g).

5. That the Court order and compel Defendant to furnish to each of the six (6) Plaintiffs trust funds a surety bond or cash-in-escrow in the amount

equal to Defendant's last three (3) months of contributions of $5,000.00, whichever is greater.

6.   That the Court award the Plaintiffs and against the Defendants the sum of $26,463.90 in known February 2009 through September 2011 report contributions plus interest on said February 2009 through September 2011 report contributions at the rate prescribed under the agreement(s) of twelve percent (12%) in the minimum amount of $5,043.25 through December 31, 2011 and at $8.70 per diem thereafter.

7.   That the Court award the Plaintiffs and against the Defendants liquidated damages for the February 2009 through September 2011 report periods as provided in said agreement(s) of $6,156.80, or an amount equal to interest (computed at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater), on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater.  29 U.S.C § 1132(g).

8.   For judgment against Defendants ASIAN PACIFIC WATERFEATURES LIMITED LIABILITY COMPANY, aka ASIAN PACIFIC WATERFEATURES, LLC, a Hawaii company, JOSEPH R. BAILEY and CAROLYN A. BAILEY, jointly and severally, for the amount of $37,663.95, plus interest at $8.70 per diem from December 31, 2011 on said February 2009 through

September 2011 report delinquencies until entry of judgment thereon and collection costs, costs of court, additional interest that may accrue on past due contributions, and reasonable attorney's fees under said document.

9. That the Court award the Plaintiffs and against the Defendants such additional amounts, including, but not limited to, liquidated damages, interest (12%) on said February 2009 and September 2011 report or audit contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

10. That the Court award the Plaintiffs and against the Defendants all collection costs, costs of court and reasonable attorney's fees pursuant to said agreement(s) or other laws. 29 U.S.C. § 1132(g).

11. That the Court order and award any further and additional relief as the Court deems proper.

DATED: Honolulu, Hawaii, February 15, 2012.

WEINBERG, ROGER & ROSENFELD

By_____
ASHLEY K. IKEDA
LORI K. AQUINO
Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
LABORERS' TRUST FUND